13 CRIM 539

13 CRIM 539

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

   -v.-

RICHARD LEE,

        Defendant.

- - - - - - - - - - - - - - - - x

SEALED
INFORMATION

13 Cr. ____ (PGG)

## COUNT ONE
(Conspiracy to Commit Securities Fraud)

The United States Attorney charges:

### Relevant Entities and Individuals

1. At certain times relevant to this Information, RICHARD LEE, the defendant, was employed as a portfolio manager with SAC Capital Advisors, LP ("SAC LP"), an investment advisor based in Stamford, Connecticut that managed the assets for a group of affiliated hedge funds (the "SAC Hedge Fund" or "SAC"). In particular, LEE worked as a portfolio manager for SAC LP based in Manhattan, New York from approximately April 2009 through approximately June 2011 before resigning from SAC LP to explore a new business opportunity. LEE rejoined SAC LP as a portfolio manager in SAC LP's Chicago office in approximately September 2012, where Lee worked until approximately March 2013.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/13

1

2. At all times during his employment by SAC LP, RICHARD LEE, the defendant, either managed or co-managed a portfolio that focused on "special situations" such as mergers, acquisitions, private equity buy-outs, and corporate restructurings in publicly traded companies across various industry sectors. At times the portfolio that LEE co-managed had a buying power of approximately $1.25 billion.

### The Insider Trading Scheme

3. At all times relevant to this Information, RICHARD LEE, the defendant, and others known and unknown, conspired to engage in insider trading. In furtherance of the conspiracy, LEE, and others known and unknown, obtained material, nonpublic information ("Inside Information") from co-conspirators for the purpose of executing profitable trades on the basis of the Inside Information. LEE obtained Inside Information directly and indirectly from individuals who worked at public companies and investment firms. The Inside Information that LEE received was disclosed or misappropriated in violation of duties of trust and confidence.

4. The Inside Information obtained by RICHARD LEE, the defendant, included but was not limited to information regarding corporate earnings and corporate business combinations in breach of: (i) fiduciary and other duties of trust and

confidence; (ii) expectations of confidentiality; and (iii) written policies of the public companies regarding the safeguarding of Inside Information.

    5.    On the basis of the Inside Information, RICHARD LEE, the defendant, and others known and unknown, executed trades and caused others to execute trades in the securities of numerous public companies across multiple sectors of the economy, earning millions of dollars in illegal profits. For example, on various occasions in 2009, LEE obtained Inside Information from multiple sources about Yahoo, Inc. ("Yahoo"), which trades on the NASDAQ stock exchange. Specifically, LEE received, among other things, information about Yahoo's earnings and a planned corporate partnership, and then executed trades and caused others to execute trades in whole or in part on the basis of this Inside Information.

### Statutory Allegations

    6.    From in or about April 2009 through in or about 2010, in the Southern District of New York and elsewhere, RICHARD LEE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title

15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

7. It was a part and an object of the conspiracy that RICHARD LEE, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon any person, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

### Means and Methods of the Conspiracy

8.      Among the means and methods by which RICHARD LEE, the defendant, and his co-conspirators would and did carry out the conspiracy were the following:

        a.      While working for SAC LP, LEE obtained Inside Information that had been disclosed or misappropriated by others in violation of duties of trust and confidence.

        b.      While working for SAC LP, LEE executed securities transactions, and caused others to execute securities transactions, based, in whole or in part, on Inside Information.

### Overt Acts

9.      In furtherance of the conspiracy, and to effect the illegal object thereof, RICHARD LEE, the defendant, and his co-conspirators committed the following overt acts, among others, in the Southern District of New York and elsewhere:

        a.      On or about April 20, 2009, LEE met with a co-conspirator not named as a defendant herein in Manhattan, New York and obtained Inside Information relating to Yahoo earnings.

        b.      On or about April 21, 2009, LEE sold approximately 1.2 million shares of Yahoo in his portfolio at the SAC Hedge Fund.

        c.      On or about November 11, 2009, LEE received an e-

5

mail conveying Inside Information about 3COM Corporation ("3COM"), which at that time traded on the NASDAQ stock exchange.

        d.    On or about November 11, 2009, LEE purchased 700,000 shares of 3COM in his portfolio at the SAC Hedge Fund.

(Title 18, United States Code, Section 371.)

**COUNT TWO**
(Securities Fraud)

The United States Attorney further charges:

        10.    The allegations contained in paragraphs 1 through 5 and 8 through 9 are repeated and realleged as though fully set forth herein.

        11.    In or about 2009, in the Southern District of New York and elsewhere, RICHARD LEE, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not

6

misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, LEE caused the SAC Hedge Fund to execute securities transactions based in part on Inside Information LEE obtained about Yahoo.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2; and Title 18, United States Code, Section 2.)

### FORFEITURE ALLEGATION

12. As a result of committing one or more of the conspiracy and securities fraud offenses, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 18, United States Code, Section 371, and Title 17, Code of Federal Regulations, Section 240.10b-5, as alleged in Counts One and Two of this Information, RICHARD LEE, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to the following:

#### Money Judgment

a. At least a sum of money in United States currency which was derived from proceeds traceable to the commission of the conspiracy and securities fraud offenses.

## Substitute Assets Provision

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981; Title 28, United States Code, Section 2461; Title 18, United States Code, Sections 371; Title 15, United States Code, Sections 78j(b) and 78ff; and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2).

*Preet Bharara*
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

RICHARD LEE,

Defendant.

INFORMATION

13 Cr. ___ (PGG)

(18 U.S.C. §§ 371, 2
15 U.S.C. §§ 78j(b), and 78ff)

PREET BHARARA
United States Attorney.