```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA             :      SEALED AFFIRMATION
                                     :
        - v. -                       :      13 Cr. ____ (PGG)
                                     :
RICHARD LEE,                         :
                                     :
                    Defendant.       :
                                     :
- - - - - - - - - - - - - - - - - - x
```

**13 CRIM 539**

ARLO DEVLIN-BROWN hereby affirms, under penalty of perjury and pursuant to Title 28, United States Code, Section 1746, as follows:

1. I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and I am the prosecutor who is handling the above-captioned case. By this affirmation, the Government applies for an order of the Court directing that, until further Order of this Court: (1) all charging-related paperwork in the above-captioned case, United States v. Richard Lee, 13 Cr. ___ (PGG), be filed under seal; (2) the Courtroom be closed for the defendant's first appearance and his guilty plea before this Court; (3) the sealing of the transcript of the above-referenced proceeding and any documents submitted in connection therewith; and (4) this matter be captioned United States v. John Doe, and no docket entries be made in the above-captioned matter. This Office has received authorization from the Deputy Attorney General of the United States to request

courtroom closure for the defendant's plea, in accordance with 28 C.F.R. § 50.9(d).

    2.    The following is a brief summary of the facts underlying the defendant's anticipated guilty plea:

    a.    From approximately April 2009 through approximately June 2011, and again from approximately November 2012 through March 2013, Richard Lee worked as a portfolio manager for the hedge fund management company S.A.C. Capital Advisors LP ("SAC LP"). While employed at SAC LP, Richard Lee engaged in an insider trading scheme which involved obtaining material non-public information ("Inside Information") in relation to the purchase and sale of securities in a "special situations" portfolio that Lee managed at SAC LP. Lee obtained and traded on Inside Information from approximately April 2009 through 2010.

    b.    Lee obtained Inside Information from various sources who breached fiduciary duties in obtaining the Inside Information and providing it to Lee. These sources included but were not limited to an analyst with a research firm doing business with SAC LP, a consultant engaged by Lee to obtain information from contacts at a technology company, and a college friend of Lee's working for a private equity company.

    c.    Lee engaged in insider trading in multiple securities, including the securities of Yahoo!, Inc. ("Yahoo").

2

With respect to Yahoo, Lee obtained Inside Information from at least two sources. First, on at least two occasions in 2009, Lee obtained Inside Information from a friend who worked for a private equity firm that had a stake in Yahoo and had a seat on its Board of Directors. On one occasion, Lee's friend provided Lee with an advance copy of Yahoo's quarterly earnings. On another, Lee's friend provided Lee with confidential documents relating to a potential corporate partnership between Microsoft and Yahoo. In addition to the above, Lee obtained Inside Information from a technology analyst (the "Tech Analyst") at a research firm doing business with SAC LP. In particular, on or about July 10, 2009 the Tech Analyst told Lee, in a recorded phone call, that he had learned from a close friend at Microsoft that senior Yahoo and Microsoft executives had begun meetings about a potential corporate partnership. On various occasions in 2009, Lee placed trades in Yahoo securities while in possession of Inside Information.

      3.    In March 2013, the FBI approached Richard Lee, who agreed to cooperate with the Government shortly thereafter. Lee has attended a number of proffer sessions with the Government during which, in the Government's view, Lee was forthcoming about his own conduct and the conduct of his former co-conspirators. Lee's cooperation has been kept secret by design to further other ongoing investigations. In particular, Lee has provided

information about former co-conspirators to assist the FBI investigation that would be less valuable to the ongoing investigation if the former co-conspirators were aware of Lee's cooperation. Lee has also engaged in communications with some of his former co-conspirators and obtained in at least one instance evidence that a past co-conspirator had Inside Information about an upcoming transaction.

5. Maintaining the secrecy of Lee's cooperation is particularly important over the next several days. Among other things, one of Richard Lee's co-conspirators - the Tech Analyst - is a national of India who happens to have recently traveled to the United States for short-term visit. We anticipate making a determination over the next several days as to whether to arrest and charge the Tech Analyst before he returns to India. Should Lee's guilty plea and cooperation become publicly known, there is a very real risk - particularly given media attention to cases of this kind - that the Tech Analyst could leave the United States before a charging decision is made and an arrest, if warranted, can be effectuated.

6. The Government does not anticipate that the plea will need to be sealed for more than a short period of time. Lee's identify as a cooperating witness is likely be known in connection with a separate grand jury investigation. An indictment in that investigation is likely to be unsealed as

4

early as late this week or, if not, within the next several weeks. Because Lee's cooperation will be publicly known at that point, the need for sealing and other relief sought herein will at that point no longer be necessary.

7. Although there is a qualified right of public access to court documents and court proceedings, the Second Circuit has recognized that documents may be filed under seal to protect, among other things, a cooperating defendant's safety or to further ongoing law enforcement efforts, including grand jury investigations. See United States v. Cojab, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); see also Fed. R. Crim. P. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. See United States v. Alcantara, 396 F.3d 189, 200 n.8 (2d Cir. 2005).

8. Compelling law enforcement interests support the

requested relief in this case. Exposure of the defendant's cooperation would jeopardize ongoing investigations into the investigative targets. An order granting the requested relief would greatly reduce the risk that the defendant's cooperation with the Government will be exposed.

9. The fact of the defendant's cooperation, and the existence and nature of the charges against him will not be kept sealed indefinitely, however, as discussed above. The fact that the sealing period requested is likely to be brief militates in favor of granting the relief sought.

10. Accordingly, the Government requests that the Court enter an order directing that, until further Order of this Court: (1) all charging-related paperwork in the above-captioned case, United States v. Richard Lee, 13 Cr. ___ (PGG), be filed under seal; (2) the Courtroom be closed for the defendant's first appearance and his guilty plea; (3) the sealing of the transcript of the above-referenced proceeding and any documents submitted in connection therewith; and (4) this matter be captioned United States v. John Doe, and no docket entries be made in the above-captioned matter.

11. The Government also requests that this Application and any related Order be sealed and their docketing delayed until further Order of this Court.

12. The Government has conferred with defense counsel,

6

Richard Owens, Esq., who concurs with this request.

13. No prior request for the relief set forth herein has been made.

Dated: New York, New York
July 22, 2013

_____
Arlo Devlin-Brown
Assistant United States Attorney
Southern District of New York
(212) 637-2506