```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

           -v.-                     :     NOLLE PROSEQUI

RICHARD LEE,                        :     13 Cr. 539 (PGG)

           Defendant.               :

- - - - - - - - - - - - - - - - - - x
```

      1.    The filing of this *nolle prosequi* will dispose of this case against RICHARD LEE, the defendant.

      2.    On July 23, 2013, RICHARD LEE, the defendant, waived indictment and Information 13 Cr. 539 (PGG) (the "Information") was filed, which charged LEE with conspiring to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One) and committing securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5 and Section 240.10b5-2, and Title 18, United States Code, Section 2 (Count Two).

      3.    On July 23, 2013, RICHARD LEE, the defendant, pleaded guilty to Counts One and Two of the Information pursuant to a cooperation plea agreement with the Government. In that proceeding, LEE admitted, among other things, that "[o]n a

1

number of occasions, I traded while in possession of material nonpublic information that I had received from others under circumstances where I knew, or had reason to believe, other persons had breached a fiduciary duty or a duty of confidentiality." (July 23, 2013 Plea Tr. at 21). The three trades referenced in the Information and in Lee's guilty plea allocution all occurred in 2009.

4. On December 10, 2014, the United States Court of Appeals for the Second Circuit decided *United States v. Newman*, 773 F.3d 438, 450-51 (2d Cir. 2014), *abrogated on other grounds by Salman v. United States*, 137 S. Ct. 420 (2016), which held, as relevant here, that a tippee who traded on material non-public information must have knowledge that the insider acted for personal benefit in disclosing the information.

5. On September 15, 2017, more than four years after his guilty plea was entered and eight years after the trades at issue, RICHARD LEE, the defendant, moved to withdraw his guilty plea on the grounds that (1) he was innocent; (2) had he known additional information, he would not have pleaded guilty; and (3) his guilty plea was insufficient in light of *Newman*.

6. On June 21, 2019, the Court granted Lee's motion to withdraw his guilty plea. The Court rejected LEE's first and

second claims but concluded that "given developments in insider trading law since Lee's plea was taken in 2013[,] his guilty plea is insufficient." *United States v. Lee*, No. 13-CR-539 (PGG), Dkt. 78, at 1 (S.D.N.Y. June 21, 2019). In so doing, the Court acknowledged that "granting Lee's motion would cause significant unfair prejudice to the Government." *Id.* at 19. The Court explained that because of the age of the trades, among other factors, "the Government may well encounter difficulty in securing evidence that would have been more accessible years ago." *Id.* at 18-19.

      7. On or about July 25, 2013, the United States Securities and Exchange Commission (the "SEC") filed a complaint against RICHARD LEE, the defendant, related to the conduct at issue in this case. *SEC v. Lee*, 13-CV-05185 (RMB) (S.D.N.Y.). On September 12, 2013, the Court in that matter entered a judgment against LEE, on consent, enjoining him from future violations of the securities laws. The judgment further ordered LEE to pay disgorgement, prejudgment interest thereon, and a civil penalty upon motion by the SEC. Additionally, on or about October 8, 2013, the SEC barred LEE from associating with any broker, dealer, investment adviser, municipal securities dealer, municipal adviser, transfer agent, or nationally recognized

3

statistical ratings agency. On or about November 6, 2019, the SEC, with the consent of LEE, requested that the Court in the civil matter enter a final judgment against LEE, enjoining him from future violations of the securities laws and ordering him to pay disgorgement of $130,144.91, prejudgment interest of $57,777.23, and a civil penalty of $130,144.91.

8. Given all of the circumstances, including (1) the amount of time that has passed since the trades at issue and the resulting difficulty in securing evidence related to elements of the charged offenses; and (2) the SEC's judgment and bar against LEE, the Government has determined that it is in the public interest to dismiss the charges pending against LEE.

9. Accordingly, the Government recommends that an order of *nolle prosequi* be filed as to RICHARD LEE, the defendant, in the above-captioned matter.

Drew Skinner
Daniel Tracer
Assistant United States Attorneys
Tel.: (212) 637-1587/-2329

Dated:   New York, New York
         November 6, 2019

Upon the foregoing recommendation, I hereby direct, with leave of the Court, that an order of *nolle prosequi* be filed as to RICHARD LEE, the defendant, with respect to Information 13 Cr. 539 (PGG).

*[signature]*
GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

Dated:   New York, New York
         November 6, 2019

SO ORDERED:

*[signature]*
HONORABLE PAUL G. GARDEPHE
United States District Judge
Southern District of New York

Dated:   New York, New York
         November 7, 2019

5